IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,695






EX PARTE JEFFERY SHARP, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 38,147 IN THE 33RD DISTRICT COURT


FROM BURNET COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a
controlled substance and sentenced to thirty-five years' imprisonment. His appeal was dismissed for
want of jurisdiction. Sharp v. State, No. 11-11-00107-CR (Tex. App.-Eastland Jul. 7, 2011)
(unpublished). 

 Applicant, represented on habeas corpus by the same person who represented him at trial and
on appeal, contends that he was deprived of his right to appeal through no fault of his own. 

 The habeas record shows that counsel failed to timely file a notice of appeal. We find that
Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction
in Cause No. 38,147 from the 33rd Judicial District Court of Burnet County. Applicant is ordered
returned to that time at which he may give a written notice of appeal so that he may then, with the
aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial
court shall determine whether Applicant is still represented by counsel and, if not, whether Applicant
is indigent. If Applicant is not represented by counsel, is indigent, and wishes to be represented by
counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal.
All time limits shall be calculated as if the sentence had been imposed on the date on which the
mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must
take affirmative steps to file a written notice of appeal in the trial court within 30 days after the
mandate of this Court issues.


Delivered: November 23, 2011

Do Not Publish